

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 12, 1969

Hon. John Kinross-Wright
Commissioner
Texas Department of Mental
  Health and Mental Retardation
Box S, Capitol Station
Austin, Texas

Opinion No. M-538

Re: Is a community mental
    health center a "unit
    of government" under
    Section 2 of the Texas
    Tort Claims Act, and
    related questions.

Dear Dr. Kinross-Wright:

Your recent letter of request for an opinion on the above questions reads in part as follows:

"Under authority of the Texas Mental Health and Mental Retardation Act, being Article 5547-201 through 5547-204, ... approximately 25 community mental health and mental retardation centers have been established in this State. These centers are receiving State grants-in-aid from this Department and are providing services to the mentally ill and mentally retarded. The Legislature recently passed the Texas Tort Claims Act, ... which will become effective January 1, 1970. There is some question as to whether a community center comes within the Texas Tort Claims Act."

Within the foregoing framework, you ask the following speci questions:

1. Is a community mental health center a "unit of government" under Section 2 of the Texas Tort Claims Act so that it would be liable under the terms of the Act?

2. If question 1 is answered in the affirmative, may a community mental health center purchase liability insurance to protect itself?

2571

3. If questions 1 and 2 are answered in the affirmative, may a community mental·health center use State grant-in-aid funds to buy liability insurance when those funds are appropriated to the Texas Department of Mental Health and Mental Retardation and distributed by that Department to community mental health centers?

4. If question 1 is answered in the affirmative would the State grant-in-aid funds of a community mental health center received from the Texas Department of Mental Health and Mental Retardation be subject to a judgment rendered against a community mental health center?

In determining an answer to your first question, we quote the following from Section 2 of the Texas Tort Claims Act (Acts 61st Legislature, Regular Session, 1969, Chapter 292, page 874, codified as Article 6252-19, Vernon's Civil Statutes):

"Sec. 2. The following words and phrases as used in this Act unless a different meaning is plainly required by the context shall have the following meanings:

"(1) 'Unit of government' or 'units of government' shall mean the State of Texas and all of the several agencies of government which collectively constitute the government of the State of Texas, specifically including, but not to the exclusion of, other agencies bearing different designations, all departments, bureaus, boards, commissions, offices, agencies, councils and courts; all political subdivisions, all cities, counties, school districts, levee improvement districts, drainage districts, irrigation districts, water improvement districts, water control and improvement districts, water control and preservation districts, fresh water supply districts, navigation districts, conservation and reclamation districts, soil conservation districts, river authorities, and junior college districts; and all institutions, agencies and organs of government whose status and authority is derived either from the Constitution of the State of Texas or from laws passed by the Legislature pursuant to such Constitution. Provided, however, no new unit or units of government are hereby created."

With the foregoing definition in mind, we now look to the statutory provisions regarding the creation of community centers for mental health and mental retardation. Article 5547-203, Section 3.01, Vernon's Civil Statutes, is quoted as follows:

"Sec. 3.01. (a) Local agencies which may establish and operate community centers are a county, a city, a hospital district, a school district, or any organizational combination of two (2) or more of these. When community centers are established by an organizational combination, the governing bodies of such organizational combination shall enter into a contract between or among them which shall stipulate:

(1) the kinds and number of community centers, as that term is defined in subsection (b) below, which are to be established, and

(2) whether the board of trustees shall consist of not less than five (5) nor more than nine (9) members selected from the governing bodies of the organizational combination, or of not less than five (5) nor more than nine (9) members to be appointed from the qualified voters of the region to be served.

This contract may be renegotiated or amended from time to time as necessary to provide for the establishment of additional community centers or to change the method of establishing a board of trustees.

"(b) As used in this Act, a 'community center' may be:

(1) a community mental health center, which provides mental health services; or

(2) a community mental retardation center, which provides mental retardation services; or

(3) a community mental health and mental retardation center, which provides mental health and mental retardation services."

After an analysis of the foregoing statutory provisions, it is our view that a community center is merely a component part of a "unit of government" as defined in Section 2 of the Texas Tort Claims Act. Such a center is simply a local agency created either by unilateral action or contract by or between designated

local governmental bodies. It is our opinion that the legal effect of the Texas Tort Claims Act is not to impose direct liability upon such an agency as such, but rather that any tortious conduct attributable to an employee, officer or agent of a community center would be the responsibility and liability of the creating local governmental unit or units.

In view of the negative answer to your first question, your other questions are not answered.

## SUMMARY

A community center for mental health and mental retardation services, created under Article 5547-203, V.C.S., is not such a "unit of government" upon which direct liability is imposed by the Texas Tort Claims Act (Article 6252-19, V.C.S.); however, any liability incurred by an employee, officer or agent of such an agency would be the responsibility and liability of the creating local governmental unit or units.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Alfred Walker
Watson Arnold
Wayne R. Rodgers
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant